**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0107-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MICHAEL BAILEY, a/k/a
BIG RED,

    Defendant-Appellant.

_____

Submitted January 22, 2024 – Decided February 1, 2024

Before Judges Chase and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment Nos. 13-01-0157 and 13-01-0161.

Bailey & Toraya, LLP, attorneys for appellant (Adam W. Toraya, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent (Deborah Cronin Bartolomey, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Michael Bailey appeals from the trial court's August 1, 2022 order denying his petition for post-conviction relief ("PCR") without an evidentiary hearing. Upon careful review of the record and applicable legal standards, we affirm substantially for the reasons set forth in Judge Andrea G. Carter's thorough and well-reasoned written opinion.

We summarize the facts developed in the record. On September 27, 2012, defendant entered a residence in New Brunswick, New Jersey, possessing a handgun and intending to rob a nineteen-year-old college student. Defendant attempted to rob the victim, who resisted. Defendant shot the victim multiple times, fatally.

Defendant was indicted for first-degree murder while engaged in the commission of a robbery, N.J.S.A. 2C:11-3(a)(3); first-degree murder, N.J.S.A. 2C:11-3(a)(1)(2); first-degree conspiracy to commit armed robbery, N.J.S.A. 2C:15-1 and N.J.S.A. 2C:5-2; first-degree armed robbery, N.J.S.A. 2C:15-1; two counts of second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b); and two counts of second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a). He was indicted separately for second-degree possession of a handgun by certain persons not to have weapons, N.J.S.A. 2C:39-7(b).

Defendant entered into a written plea agreement and pleaded guilty to second-degree aggravated manslaughter, N.J.S.A. 2C11-4; first-degree armed robbery, N.J.S.A. 2C:15-1; and second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b).  Pursuant to the plea agreement, the State agreed to recommend concurrent sentences not to exceed twenty-five years subject to the No Early Release Act ("NERA"), meaning defendant would be required to serve 85% of his sentence, twenty-one years and three months, without the possibility of parole.

Paragraph thirteen of the plea form provided the State would recommend a sentence "[n]ot to exceed [twenty-five] years NERA (85% without parole) . . . ."  Plaintiff also executed the supplemental plea form for NERA cases and responded "yes" to the question, "Do you understand that because of your plea of guilty to [aggravated manslaughter] you will be required to serve 85% of the sentence imposed for that offense[] before you will be eligible for parole on that offense[]?"  Paragraph seven of the plea form, however, stated incorrectly ". . . the minimum period of parole ineligibility is [twenty] years and [ten] months . . . ."

During the plea hearing, the plea judge advised defendant correctly his period of parole ineligibility "boils down to a minimum of 85[%], or about

3

[twenty-one] years give or take . . . [twenty-five] times .85 equals [twenty-one] and a quarter." Defendant agreed he was satisfied with the sentence as described by the court. Defendant testified he understood every aspect of the plea agreement and was satisfied with the services of defense counsel.

On December 18, 2014, defendant was sentenced in accordance with the plea agreement to twenty-five years NERA for second-degree manslaughter. The court imposed shorter concurrent sentences for the other offenses. Defendant filed a direct appeal, which was dismissed voluntarily.

On December 11, 2020, defendant filed a pro se petition for PCR. Defendant subsequently retained counsel who filed a supplemental brief in support of the petition. Defendant argued trial counsel was ineffective because he was advised incorrectly by counsel and in the plea form that he faced a minimum period of parole eligibility of twenty years and ten months instead of twenty-one years and three months. As a result, he did not understand the nature and consequences of his plea. Defendant sought an evidentiary hearing to determine what he was told by counsel at the time of the plea. Defendant also argued his initial pro se petition was not time-barred because the law library in the prison was often closed in December 2019, and January 2020, when he was

A-0107-22

attempting to file his petition and was thereafter inaccessible because of the COVID-19 pandemic.

Judge Carter heard oral argument on the petition for PCR and, on August 1, 2022, entered an order denying defendant's petition supported by a written decision. The court found defendant failed to set forth a prima facie ineffective assistance claim because the plea form clearly stated defendant would be required to serve 85% of his twenty-five-year sentence without parole and the plea judge correctly explained the minimum period of parole eligibility would be twenty-one years and three months. The court also found defendant failed to demonstrate the result of the proceedings would have been different absent the alleged error. Finally, the court found defendant's petition was time-barred because it was filed more than five years after entry of the judgment of conviction, and defendant failed to demonstrate excusable neglect. This appeal followed.

On appeal, defendant presents the following contentions:

POINT ONE

> THE [PCR] COURT ERRED IN DENYING THE DEFENDANT'S PETITION WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE REPRESENTATION FROM TRIAL COUNSEL

5

DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY PROVIDED FALSE INFORMATION ABOUT THE TIME PERIOD DEFENDANT WOULD BE SUBJECT TO PAROLE INELIGIBILITY

POINT TWO

THE COURT ERRED IN APPLYING [RULE] 3:22-12 [] AS A PROCEDURAL BAR AGAINST THE DEFENDANT'S FILING FOR [PCR]

"Where, as here, the PCR court has not conducted an evidentiary hearing, we review its legal and factual determinations de novo." State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020) (citing State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018)).

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Afanador, 151 N.J. 41, 49 (1997) (citing State v. Preciose, 129 N.J. 451, 459 (1992)). "It is a safeguard to ensure that a defendant was not unjustly convicted." Ibid. (citing State v. McQuaid, 147 N.J. 464, 482 (1997)). It provides a final opportunity for a defendant to raise a legal error or constitutional issue, including a violation of the right to effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution. "Ordinarily, PCR enables a defendant to challenge the legality of a sentence or final judgment of

6

conviction by presenting contentions that could not have been raised on direct appeal." Afanador, 151 N.J. at 49 (citing McQuaid, 147 N.J. at 482-83).

In addressing an ineffective assistance claim, we follow the two-pronged standard formulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). "First, the defendant must show that counsel's performance was deficient." State v. Gideon, 244 N.J. 538, 550 (2021) (quoting Strickland, 466 U.S. at 687). The test is whether "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. "Second, the defendant must have been prejudiced by counsel's deficient performance." Gideon, 244 N.J. at 550 (citing Strickland, 466 U.S. at 687). To prove this element, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Failure to meet either prong of the Strickland/Fritz test results in the denial of a petition for PCR. State v. Parker, 212 N.J. 269, 280 (2012).

The defendant must establish, by a preponderance of the credible evidence, that he is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); Preciose, 129 N.J. at 459. To sustain that burden, the defendant

must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992). Defendants must do more than make "bald assertions" of ineffective assistance. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding. United States v. Cronic, 466 U.S. 648, 659 n.26 (1984); see also Fritz, 105 N.J. at 52 ("[P]rejudice must be proved; it is not presumed."). "The test is not whether defense counsel could have done better, but whether [they] met the constitutional threshold for effectiveness." Nash, 212 N.J. at 543. The court should review counsel's performance in the context of the evidence against defendant at the time of the plea or trial. State v. Castagna, 187 N.J. 293, 314-15 (2006).

To demonstrate "prejudice after having entered a guilty plea, a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial.'" State v. Gaitan, 209 N.J. 339, 351 (2012) (alteration in original) (quoting State

8

v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)).  A defendant must show, "had he been properly advised, it would have been rational for him to decline the plea offer and insist on going to trial and, in fact, that he probably would have done so[.]"  State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011).

A court reviewing a PCR petition based on claims of ineffective assistance has the discretion to grant an evidentiary hearing only if defendant establishes a prima facie showing in support of the requested relief.  Preciose, 129 N.J. at 462-63.  "To establish a prima facie case, defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits."  R. 3:22-10(b).  The mere raising of a claim for PCR does not entitle a defendant to an evidentiary hearing.  Cummings, 321 N.J. Super. at 170.

A petition for PCR must be filed no "more than [five] years after the date of entry . . . of the judgment of conviction that is being challenged."  R. 3:22-12(a)(1).  An untimely petition may be considered if the petition shows excusable neglect for the late filing and that a fundamental injustice will result if defendant's claims are not considered on their merits.  State v. Brewster, 429 N.J. Super. 387, 400 (App. Div. 2013); R. 3:22-12(a)(1)(A).  "Absent compelling, extenuating circumstances, the burden to justify filing a petition

after the five-year period will increase with the extent of the delay." State v. Afanador, 151 N.J. at 52. "[A] court should relax Rule 3:22-12's bar only under exceptional circumstances. The court should consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits." Mitchell, 126 N.J. at 580. To meet his burden, defendant must do "more than simply provid[e] a plausible explanation for [his] failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009).

We affirm largely for the reasons set forth in Judge Carter's written opinion. We add that to establish prejudice having entered a guilty plea, defendant was required to show "had he been properly advised, it would have been rational for him to decline the plea offer and insist on going to trial and, in fact, that he probably would have done so." Maldon, 422 N.J. Super. at 486. Defendant does not assert he would have declined the plea offer and insisted on going to trial absent counsel's alleged error. Nor does defendant show it would have been rational for him to do so. Defendant faced the very real possibility of a significantly longer sentence had he rejected the plea offer and insisted on going to trial. Defendant, therefore, failed to establish prejudice as required by the second prong of Strickland.

10

We are satisfied defendant did not establish a prima facie case of ineffective assistance and his petition was time-barred. The court did not abuse its discretion by denying defendant's request for an evidentiary hearing and correctly denied his petition for PCR.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0107-22